JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
**GILBERT & SACKMAN, A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
**HADSELL STORMER RENICK & DAI LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIEGO GUZMAN and KEVIN WHITLATCH, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>DOW AGROSCIENCES LLC, THE DOW CHEMICAL CO., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>1. Failure to Pay Reporting Time Pay (IWC Wage Order 1-2001; 8 C.C.R. § 11010; Cal. Lab. Code § 218);<br>2. Failure to Pay All Wages Earned at Termination (Lab. Code §§ 200-203);<br>3. Failure to Furnish Accurate Itemized Wage Statements (Lab. Code. §§ 226 and 226.3);<br>4. Violations of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*);<br>5. Liability for Civil Penalties Under the Private Attorneys General Act (Lab. Code § 2698 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. DIEGO GUZMAN and KEVIN WHITLATCH ("Named Plaintiffs") bring this action against Defendants DOW AGROSCIENCES LLC, and THE DOW CHEMICAL CO. (collectively, "Defendants") and other as of yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by Defendants at the chemical manufacturing plant located in or around Pittsburg, California, in Contra Costa County ("Pittsburg plant").

2. Named Plaintiffs seek class-wide relief under California law for Defendants' breach of their legal obligations to pay reporting time pay, pay all wages earned at termination, and to furnish timely and accurate wage statements, pursuant to California Labor Code §§ 200-203, 218, 226, 226.3, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to its employees at the Pittsburg plant.

3. Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendants' unlawful, unfair, and fraudulent business practices which have deprived their employees of their rights under California labor laws and regulations, in order to reduce their payroll costs and increase profits, in violation of applicable laws.

4. Named Plaintiffs, aggrieved employees suing on behalf of themselves and other aggrieved employees, also seek relief under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

## THE PARTIES

5. Named Plaintiff Diego Guzman is, and at all relevant times was, a competent adult residing in San Pablo, California, in Contra Costa County. Plaintiff Guzman was hired by Defendants on January 6, 2016, as a Plant Operator at the Pittsburg plant and is currently employed and assigned to the 660 Block. During his employment, Plaintiff Guzman was regularly assigned Primary Relief shifts which required him to report to work if contacted. He was not compensated for the shifts if he was not contacted to report to work.

6. Named Plaintiff Kevin Whitlatch is a competent adult residing in North Augusta, South Carolina, in Aiken County. Plaintiff Whitlatch was hired by Defendants on May 14, 2014, as a Plant Operator at the Pittsburg plant and his last date of employment was September 9, 2019. During his employment, Plaintiff Whitlatch resided in Contra Costa County. He was assigned to the 310 Block, and during his employment, he was regularly assigned Primary Relief shifts which required him to report to work if contacted. He was not compensated for the shifts if he was not contacted to report to work.

7. Named Plaintiffs are and have been employed by Defendants within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently are employed at Defendants' chemical manufacturing plant in Pittsburg, California.

8. Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former hourly employees of Defendants who worked at the Pittsburg, California plant, and who have been assigned primary relief shifts that required them to be ready to report to the refinery if contacted, since August 30, 2018.

9. Defendant Dow Agrosciences, LLC, is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Dow Agrosciences, LLC, is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Dow Agrosciences, LLC's headquarters and principal place of business are in Indianapolis, Indiana.

10. Defendant The Dow Chemical Company is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant The Dow Chemical Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. The Dow Chemical Company's headquarters and principal place of business are in Midland, Michigan.

11. Defendants Dow AgroSciences, LLC and The Dow Chemical Company own and operate the Pittsburg plant, located in Contra Costa County, California. Defendant The Dow Chemical Company owned and/or operated the Pittsburg plant since prior to the beginning of the class period and for at least some portion of the class period. Defendant Dow AgroSciences, LLC is or was an owner and/or operator of the Pittsburg plant during at least some portion of the class period.

12. Named Plaintiffs are informed and believe and thereupon allege that, at all relevant times, Defendants and each of them, directly or indirectly, or through an agent or any other person, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

13. Named Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when ascertained.

## JURISDICTION & VENUE

14. This Court has original jurisdiction over this class action pursuant to 29 U.S.C. § 1332(d) based on the following: this a civil action filed under Rule 23 of the Federal Rules of Civil Procedure; the matter in controversy exceeds $5,000,000 based on the aggregate claims of the individual class members; members of the class Plaintiffs and Defendants are citizens of different states; and the number of members of the proposed class in the aggregate is at least 100.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of California.

16. In particular, this case is properly filed with the San Francisco or Oakland divisions as the acts giving rise to Plaintiffs' claims occurred in Contra Costa County. Plaintiffs performed their work for Defendants in Contra Costa County, and the location of the chemical manufacturing plant is in Contra Costa County.

## CALIFORNIA REPORTING TIME PAY REQUIREMENT

17. Under Wage Order 1-2001, an employer must pay employees as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or schedule day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

18. Wage Order 1-2001 applies to Defendants' Pittsburg plant.

## FACTUAL ALLEGATIONS

19. Defendants employ and have employed Plaintiffs as operators at their Pittsburg chemical

3
CLASS ACTION COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE RELIEF

manufacturing plant. Defendants' chemical production process requires constant monitoring, so Defendants schedule Plaintiffs to work continuous rotating 12-hour shifts to ensure that there are always employees monitoring.

20. **On-Call:** In addition to their usual 12-hour shifts, Defendants regularly schedule Plaintiffs to be on-call for primary relief shifts. When Plaintiffs are scheduled to be on-call, Defendants require Plaintiffs to be available to be contacted by Defendants and, if contacted, to appear within a designated period of time to work a primary relief shift. On the days they are scheduled to be on-call, Plaintiffs must be available during two periods of time: two hours in the morning and two hours in the afternoon and evening. If Defendants are unable to reach Plaintiffs when they are on-call, Defendants may subject Plaintiffs to discipline.

21. Notwithstanding Defendants' on-call policy, Defendants compensate Plaintiffs only when they are actually called in to work the relief shift. If Defendants do not contact Plaintiffs, Defendants do not compensate Plaintiffs, although Plaintiffs' activities are significantly constrained.

22. Requiring Plaintiffs to be available for approximately four hours each day they are on-call imposes significant costs on these employees. Defendants' requirement that Plaintiffs be on-call and to arrive at work within a designated period of time if called significantly limits Plaintiffs' ability to earn other income, pursue education opportunities, care for family members, and enjoy time for recreation.

23. While on-call, Plaintiffs must be available to be contacted by Defendants, and they cannot do things or go places incompatible with answering a phone call or receiving some other form of contact. Plaintiffs must abstain from going out of town, sleeping, taking a class, going camping, or being at any location without cell service including, for example, elevators and rural areas.

24. Without the security of a definite work schedule, Plaintiffs experience adverse financial effects, as being on-call interferes with their ability to obtain supplemental employment to support themselves and their families. They are forced to make family care arrangements and cannot commit to social plans with their friends or family. They also encounter obstacles in pursuing their education without a definite work schedule. Being on-call causes Plaintiffs substantial stress and strain on their personal and family lives.

25. Defendants do not credit Plaintiffs for "reporting for work" when they are on-call and

available to report to work within a designated period of time. This practice has resulted, and continues to result, in Defendants' failure to pay Plaintiffs required reporting time pay.

26. **Failure to furnish accurate wage statements:** Defendants also routinely fail to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned, including wages for "reporting to work."

## CLASS ALLEGATIONS

27. Named Plaintiffs seek, on their own behalf and on behalf of the putative class members, unpaid wages owed as a result of Defendants' failure to pay reporting time pay for being on-call pursuant to Wage Order 1-2001, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek injunctive relief in the form of an order prohibiting Defendants from failing to pay reporting time pay for being on-call. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through their unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from their violations of law and/or acts of unfair competition.

28. This action is appropriate for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29. The proposed class which Named Plaintiffs seek to represent is composed of all current and former hourly employees of Defendants who worked at the Pittsburg, California plant, and who have been assigned primary relief shifts that required them to be ready to report to the refinery if contacted, since August 30, 2018. These employees were not furnished at least half of the usual day's work for all assigned primary relief shifts, and were not paid for half the usual day's work, or at least two hours of work for these shifts if they were not contacted to report to work.

30. The proposed class is estimated to include at least 100 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

31. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these

employees have been harmed by Defendants' failure to pay reporting time pay as required by law.

32. Common questions of fact and law involved in this action include the following:

    a. Whether the reporting time pay requirement that an employee "report for work" requires that Plaintiffs physically report for work;

    b. Whether Defendants' requirements that Plaintiffs (1) be available to be contacted during a designated on-call period; and (2) arrive at work if contacted or face discipline triggers California's reporting time pay obligations;

    c. Whether Defendants violated and continue to violate Wage Order 1-2001;

    d. Whether Defendants violated Labor Code §§ 200-203;

    e. Whether Defendants violated Labor Code §§ 226, 226.3; and

    f. Whether Defendants violated Cal. Bus. & Professions Code § 17200.

33. The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

34. Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

35. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties. This action is manageable as a class action because, compared with other methods such as

intervention or the consolidation of individual actions, a class action is fairer and more efficient.

36. Common issues predominate in that all of Plaintiffs' claims arise out of Defendants' failure to pay reporting time pay as required by California law. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

37. Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

## ALLEGATIONS OF NAMED PLAINTIFFS

38. Named Plaintiffs have worked and continue to work as operators at Defendants' Pittsburg plant. During the course of their employment, Defendants scheduled Named Plaintiffs to be on-call (i.e., be ready to work) pursuant to Defendants' on-call policy.

39. On days they were assigned to be on-call, Named Plaintiffs Diego Guzman and Kevin Whitlatch and other employees had to be available to be contacted by Defendants during two two-hour periods of time. If Plaintiffs Diego Guzman and Kevin Whitlatch and other employees received a call, they had to arrive at the Pittsburg plant within a designated time to work a relief shift.

40. Defendants subjected Named Plaintiffs and the other employees at their Pittsburg plant to discipline if they failed to receive or respond to Defendants' contact during the designated on-call time period. During their employment with Defendants, Named Plaintiffs have frequently been scheduled to be on-call, which always involved set scheduled start times and end times.

41. Unless Named Plaintiffs and other employees were asked to be on-call, Defendants did not provide them with any compensation, including reporting time pay.

## FIRST CLAIM FOR RELIEF

FAILURE TO PAY REPORTING TIME PAY

(Cal. Lab. Code § 218; Wage Order 1-2001; 8 C.C.R. § 11010)

(By All Named Plaintiffs and All Putative Class Members Against All Defendants)

42. Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

43. California Labor Code § 218 provides that wage claimants may sue for wages and penalties due under the Labor Code.

44. Wage Order 1-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to, work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

45. As set forth herein, Defendants scheduled Plaintiffs to be on-call and available to be contacted and face discipline if they did not receive or respond to Defendants' contact. Defendants also required Plaintiffs to arrive at work within a designated time period if contacted to work a relief shift.

46. Defendants have failed to pay required reporting time pay to Plaintiffs, as Plaintiffs were not paid any compensation for being on-call. Defendants only compensated employees who Defendants asked to come to work and worked a relief shift.

47. As a direct and proximate result of Defendants' actions as set forth herein, Named Plaintiffs and putative class members have sustained economic damages, including, but not limited to, unpaid wages (reporting time pay) and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of California Labor Code § 218, and Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## SECOND CLAIM FOR RELIEF

FAILURE TO PAY ALL WAGES EARNED AT TERMINATION

(Lab. Code §§ 200-203)

(By All Named Plaintiffs and All Putative Class Members Against All Defendants)

48. Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

49. Labor Code §§ 201 and 202 require an employer to pay an employee all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

50. Class Members who have separated from Defendants' employment were not paid required reporting time pay within 24 hours after a discharge, or 72 hours after a resignation, as applicable.

51. Named Plaintiffs are informed and believe that Defendants' failure to pay required reporting time pay upon termination was willful.

52. As a direct and proximate result of Defendants' willful conduct in not paying members of the Class all earned wages at the time their employment with Defendants ended, each Class Member whose employment ended is entitled to 30 days' wages as a penalty under Labor Code § 203.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

### THIRD CLAIM FOR RELIEF

FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS

(Lab. Code § 226; Wage Order 1-2001)

(By Named Plaintiffs and All Putative Class Members Against All Defendants)

53. Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

54. Defendants failed to furnish Plaintiffs with complete and accurate itemized statements, as required by California Labor Code § 226(a). The wage statements, among other things, failed to accurately provide the gross or net wages earned, including reporting time pay, as required by California Labor Code sections 226(a)(1) and (2).

55. Named Plaintiffs are informed and believe that, at all relevant times, Defendants' failure was knowing and intentional.

56. Plaintiffs could not easily and promptly determine from their wage statements that they had been properly paid. Reporting time pay was not accurately reported or calculated, such that no

calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation. The information to make such determinations could not be readily ascertained by the wage statement, standing alone, or without reference to other documents or information.

57. As a result of the Defendants' conduct as alleged above, Plaintiffs are each entitled under California Labor Code § 226(e) to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## FOURTH CLAIM FOR RELIEF

UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

(Bus. & Prof. Code § 17200 *et seq.*)

(By Named Plaintiffs and All Putative Class Members Against All Defendants)

58. Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

59. This claim is brought by the Named Plaintiffs on behalf of themselves, the putative Class, and the general public, pursuant to Business and Professions Code § 17200 *et seq.*

60. The California Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered injury in fact and who has lost money or property as a result of such unfair business practices to bring an action for relief under the statute.

61. Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204 and have standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly situated employees and on behalf of the general public.

62. Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

63. Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code § 17200 *et seq.*, depriving Named Plaintiffs, the putative class members, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

64. Beginning on an exact date unknown to Named Plaintiffs, but since at least the four years preceding the filing of this Complaint and up to the present, Defendants have committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of Wage Order No. 1-2001 (reporting time pay).

65. Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the unfair and unlawful business practices alleged herein, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with whom they compete, in violation of the UCL.

66. Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Plaintiffs for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendants received and continue to hold ill-gotten gains belonging to Plaintiffs and Defendants have profited in that amount from their unlawful practices.

67. Business and Professions Code § 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Plaintiffs are entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for all wages and other monies, excluding penalties provided under the Labor Code, unlawfully withheld from them since the four years preceding the filing of this Complaint and up to the present.

68. Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees. Named Plaintiffs therefore seek restitution of all lost wages and work benefits, plus interest,

disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

### FIFTH CLAIM FOR RELIEF

PRIVATE ATTORNEYS GENERAL ACT

(Lab. Code § 2698 *et seq.*)

(By All Named Plaintiffs and the Other Aggrieved Employees Against All Defendants)

69. Named Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if repeated here in full.

70. Each of the Named Plaintiffs is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of themself and other current and former employees of Defendants pursuant to the procedures specified in California Labor Code § 2699.3, because Named Plaintiffs were employed by Defendants and the alleged violations of the Labor Code were committed against Named Plaintiffs.

71. The California Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* ("PAGA"), provides that "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees[.]" Lab. Code § 2699(a).

72. Named Plaintiffs allege, on behalf of themselves and other current and former employees of Defendants, that Defendants have violated, among other statutes and regulations, California Labor Code sections 200-203, 226, and 226.3.

73. Pursuant to Labor Code § 2699(a), Named Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which Defendants are liable as a result of the foregoing violations of the Labor Code sections in an amount to be proven at trial, including, but not limited to, penalties under Labor Code sections 226.3, 558, and 2699(f). Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

12
CLASS ACTION COMPLAINT FOR DAMAGES,
RESTITUTION AND INJUNCTIVE RELIEF

74. Named Plaintiffs are in the process of exhausting their administrative remedies as required by Labor Code section 2699.3(a). Named Plaintiffs have provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendants as to the claims alleged herein, namely, the specific provisions of the Labor Code, among other state statutes and regulations, that Defendants are alleged to have violated, as well as the facts and theories supporting those violations. When Plaintiffs' administrative remedies are exhausted, Plaintiffs will amend the Complaint.

75. WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1. For an order certifying the First, Second, Third, and Fourth Claims for Relief as a class action;

2. For an order designating Named Plaintiffs as class representatives with respect to the certification of the First, Second, Third, and Fourth Claims for Relief as a class action;

3. For an order designating Named Plaintiffs' counsel of record as class counsel with respect to the certification of the First, Second, Third, and Fourth Claims for Relief as a class action;

4. For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;

5. For an award of damages pursuant to California Labor Code § 226(e);

6. For an award of statutory and civil penalties pursuant to California Labor Code § 2699 equal to the penalties provided in Labor Code §§ 226.3, 558, and 2699(f) and Wage Order 1-2001 and pursuant to California Business & Professions Code § 17206;

7. For an order to pay restitution to Plaintiffs as a result of Defendant's unlawful activities, pursuant to Business and Professions Code § 17203;

8. For preliminary and permanent injunctive relief enjoining Defendants from violating the relevant provisions of the Labor Code and from engaging in the unlawful business practices complained of herein;

9. For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code § 17203;

10. For declaratory relief;

11. For prejudgment and post-judgment interest on all sums awarded;

12. For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code sections 218.5, 226.3(e), 226(h) and 2699, California Code of Civil Procedure section 1021.5 and any other appropriate statutes;

13. For costs of suit; and

14. For such other and further relief as the Court may deem proper and just.

Dated: August 30, 2022

By: __/s/-Randy Renick_____
Randy Renick
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Named Plaintiffs David Guzman and Kevin Whitlatch, individually and on behalf of all similarly situated current and former employees of Defendants, hereby request a jury trial on all claims so triable.

Dated: August 30, 2022                                        Respectfully submitted,

By: __/s/-Randy Renick_____
      Randy Renick
      *Attorneys for Plaintiffs*