1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO GUZMAN and KEVIN WHITLATCH, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>DOW AGROSCIENCES LLC, CORTEVA AGRISCIENCE LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-CV-04962-RFL<br><br>**[PROPOSED] ORDER AS MODIFIED GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Complaint Filed: August 30, 2022<br>First Amended<br>Complaint:  November 7, 2022<br>Trial Date:   Not set |

**[PROPOSED] ORDER**

Plaintiffs' Motion for Final Approval of Settlement Agreement came on for hearing on July 30, 2024. The Court, having considered whether to order final approval of the class action settlement in the above-captioned action pursuant to the Joint Stipulation of Class Action Settlement and Release, as amended ("Settlement" or "Stipulation"), having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on, having directed that notice be given to all Class Members of preliminary approval of the Settlement, the final approval and fairness hearing, and the right to be excluded from the Settlement, and having received no objections and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. All defined terms contained herein shall have the same meaning as set forth in the Stipulation executed by the Parties and filed with this Court.

2. The Court finds that certification of the following Class is appropriate for settlement purposes:

> All current and former hourly employees of Defendants who worked at the Pittsburg, California plant, and who have been assigned primary relief shifts that required them to be ready to report to the refinery if contacted, since August 30, 2018.

3. The Court hereby finds that the Notice of Settlement was mailed to all 186 individuals who were identified as Class Members on May 10, 2024, and that it was mailed to an additional eight individuals who were later identified as Class Members on June 18, 2024, of whom five spoke by phone with counsel for Plaintiffs. The Court finds that this form of notice fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws.

4. The Court further finds that a full and fair opportunity has been afforded to Class

Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Order of Final Approval and the Judgment.

5. The Court hereby finds that the Settlement, including the Settlement Amount, is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendants, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation.

6. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendants, after thorough factual and legal investigations. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts paid in settlement, the allocation of the Settlement Fund among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability after appeal. Additionally, the Court finds that the terms of the Settlement do not improperly grant preferential treatment to any individual Class Member.

7. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member has objected to the Settlement, and none have opted out. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003).

8. The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Fed. R. Civ. P. 23, for the reasons stated in the Motion for Final Approval.

9. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

10. The Court approves the plan of allocation as set forth in the Stipulation.

11. The Court approves the settlement of the Released Claims as defined in the Settlement.

12. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Class Claims of each Class Member who did not timely opt out, including each Named Plaintiff are and shall be deemed to be conclusively released as against the Defendants and other Released Parties. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of the Order of Final Approval and the Judgment who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Class Claims, either directly, representatively or in any other capacity, against Defendants and other Released Parties.

13. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released PAGA Claims of each PAGA Member (each Class Member who was employed by Defendants from August 30, 2021 through March 26, 2024), including each Named Plaintiff, are and shall be deemed to be conclusively released as against the Defendants and other Released Parties. Except as to such rights or claims that may be created by the Settlement, all PAGA Members as of the date of the Order of Final Approval and the Judgment are hereby forever barred and enjoined from commencing or prosecuting any of the Released PAGA Claims, either directly, representatively or in any other capacity, against Defendants and other Released Parties.

14. As of the Effective Date of the Settlement, as defined in the Settlement, all of the claims of each Named Plaintiff are and shall be deemed to be conclusively generally released against the Defendants and other Released Parties. Except as to such rights or claims that may be created by the Settlement, each Named Plaintiff as of the date of the Order of Final Approval and the Judgment is hereby forever barred and enjoined from commencing or prosecuting any of the generally released claims, either directly, representatively or in any other capacity, against Defendants and other Released Parties.

15. Class Counsel, Hadsell Stormer Renick & Dai LLP and Gilbert & Sackman, are confirmed and shall continue to serve as Class Counsel and shall oversee and perform the duties necessary to effectuate the Settlement, including the submission to the Court of the Claims Administrator's final distribution report, as well as all papers necessary to allow this Court to evaluate the claims process and distribution of the Settlement Fund to Class Members.

16. Plaintiffs' Counsel is awarded attorney's fees in the amount of $950,000. The foregoing award is 25% of the Settlement Fund of $3,800,000. Plaintiff's Counsel is further awarded reimbursement of reasonable costs and expenses necessarily incurred in order to advance the litigation for the benefit the class in this matter in the amount of $16,265.62. These awards shall be paid from the Settlement Fund.

17. In determining an award of attorney's fees where the class action settlement establishes a common fund for the benefit of the class out of which the attorney's fee is awarded, courts have adopted the percentage of fee calculation. *Laffitte v. Robert Half Internat.*, Inc., 1 Cal. 5th 480, 493-94 (2016). The Court finds that a fee award at the Ninth Circuit 25% of the fund benchmark is reasonable in light of the factors to be considered, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *See Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013)(*citing Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

18. In addition, the Court finds the fee award reasonable under the lodestar cross-check method. *Laffitte*, 1 Cal. 5th at 506; *Vizcaino*, 290 F.3d at 1043. In so finding, the Court has considered a variety of factors, including "the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (2000); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

19. Plaintiffs Diego Guzman and Kevin Whitlatch are confirmed as Class Representatives. The Class Representatives are each awarded a service award in the amount of $15,000. This payment shall be made from the Settlement Fund and is in addition to their share as a Class Member.

20. Administrative Costs in the amount of $8,950 from the Settlement Fund to be paid to the Settlement Administrator APEX Class Action Administration of Irvine, California are approved.

21. The Court allocates ($40,000) of the Settlement Fund to penalties under the Private Attorneys General Act ("PAGA"), with (75%) of the PAGA penalties, ($30,000), to be paid to the California Labor and Workforce Development Agency ("LWDA") and twenty-five percent (25%) of the PAGA penalties, ($10,000), to be paid to the Class Members.

4

[~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT
Case No. 3:22-CV-04962-RFL

22. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, in connection with the above-captioned action except as provided in the Settlement.

23. The Settlement is not an admission by Defendants, nor is this Final Approval Order and Judgment a finding of the validity of any claims in the Action or of any wrongdoing by Defendants or that this Action is appropriate for class treatment (other than for settlement purposes). Neither this Final Approval Order or the Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants. Notwithstanding these restrictions, Defendants and other Released Parties may file in the Action or in any other proceeding this Final Approval Order and Judgment, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

24. Notice of entry of this Final Approval Order and the Judgment shall be given to all Parties by Class Counsel on behalf of Plaintiffs and all Class Members. The Final Approval Order and Judgment shall be posted on the Settlement Administrator's website. It shall not be necessary to send notice of this Final Approval Order and entry of Judgment to individual Class Members.

25. Within 21 days after the distribution of the settlement funds and payment of attorneys' fees, Plaintiffs shall complete and file the Post-Distribution Accounting Form (attached as Exhibit A), which provides the following information:

    a. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class

members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any. ~~Counsel will summarize this information in an easy-to-read chart that allows for quick comparisons with other cases.~~

26.   Within 21 days after the distribution of the settlement funds and award of attorneys' fees, Plaintiffs shall post the Post-Distribution Accounting Form, ~~including the easy-to-read chart~~, on the settlement website.

27.   The Court set the following calendar:

| TIMELINE | EVENT | DATE |
|---|---|---|
| Fourteen (14) days after the Effective Date[1] | Claims Administrator to provide Defendants distribution calculation and funding instructions | August 16, 2024 |
| Seven (7) days after Defendants' receipt of distribution calculations and funding instructions | Defendants will fund the Settlement Fund | August 23, 2024 |
| Fourteen (14) days after the Effective Date | Settlement Administrator shall advise Defendants of the exact amount of the employer's share of payroll taxes due | August 16, 2024 |
| Five (5) calendar days after receipt of the Settlement Fund | Settlement Administrator shall pay to Class Counsel any Court-approved attorneys' fees and litigation costs, pay to the Class Representatives any Court-approved Service Awards, and pay the LWDA seventy-five percent (75%) of the Court-approved amount allocated for PAGA penalties | August 28, 2024 |
| Five (5) calendar days after receipt of the Settlement Fund | Settlement Administrator will send an individual check to each Class Member by regular U.S. Mail to the address used by the Settlement Administrator for mailing of the Notice of Settlement | September 3, 2024[2] |
| One hundred eighty (180) calendar days from the date of mailing | Checks shall remain valid and negotiable | March 2, 2025 |
| Re-mail the notices within three (3) business days of receipt | Check returned as non-deliverable, the Settlement Administrator will perform an | Within three business days of |

---

[1] Effective Date means three (3) calendar days after all conditions have been satisfied. (p. 3, II. Definitions of Joint Stipulation of Class Action Settlement Agreement, dated December 11, 2023.)

[2] Five days after receipt of the Settlement Fund would fall on September 2, 2024, which is Labor Day, a federal holiday.

| TIMELINE | EVENT | DATE |
|---|---|---|
|  | NCOA check and will skip-trace return mail | receipt of returned check |
| Fourteen (14) calendar days after the distribution of the settlement funds and payment of attorneys' fees | Settlement Administrator will prepare and provide to the parties a Post-Distribution Accounting, setting forth the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any. | September 17, 2024 |
| Twenty-one (21) calendar days after the distribution of the settlement funds and payment of attorneys' fees | File Post-Distribution Accounting and Settlement Administrator shall post the Post-Distribution Accounting on the case website | September 24, 2024 |
| Sixty (60) days after the Effective Date | Class Counsel will destroy all confidential information and documents provided by Defendant or Settlement Administrator | October 1, 2024 |

28. The Court will withhold fifteen percent (15%) of the attorneys' fees granted at final approval until after the Post-Distribution Accounting has been filed.

29. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, then this Final Approval Order and the Judgment, and all orders entered in connection herewith, shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement, and expressly reserve their respective rights regarding the prosecution and defense of this Action, including all available defenses and

affirmative defenses, and arguments that any claim in the Action could not be certified as a class action and/or managed as a representative action.

30. Without affecting the finality of the Order of Final Approval or the Judgment, the Court retains exclusive and continuing jurisdiction over the case, Plaintiffs, all Class Members and Defendants for purposes of supervising, implementing, interpreting and enforcing the Order of Final Approval and the Judgment and the Settlement. Nothing in the Order of Final Approval precludes any action to enforce the Parties' obligations under the Settlement or under this Order of Final Approval.

**IT IS SO ORDERED.**

DATED: July 30, 2024

HONORABLE RITA F. LIN
United States District Court Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

cand.uscourts.gov

**Post-Distribution Accounting Form**

For guidance and instruction, please see
https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

| | |
|---:|---|
| Case Number (YY-xx-#####) | |
| Case Name | |
| Attorney Name | |
| Nature of Action | |
| Attorney Email | |
| Party Represented | |
| This is: | _ An interim post-distribution accounting. Not all settlement funds have been distributed. A final post-distribution accounting. All settlement funds have been distributed. |

| | | | | |
|---|---|---|---|---|
| 1. | Total settlement fund | $ | | |
| 2. | Number of class members | # | | |
| 3. | Number of class members to whom notice was sent and not returned as undeliverable | # | | |
| 4. | Number of claim forms submitted | # | N/A | |
| 5. | Percentage of claim forms submitted [=Q4/Q3] | % | N/A | |
| 6. | Number of opt-outs | # | | |
| 7. | Percentage of opt-outs [=Q6/Q3] | % | | |
| 8. | Number of objections | # | | |
| 9. | Percentage of objections [=Q8/Q3] | % | | |
| 10. | Average recovery per claimant | $ | | |
| 11. | Median recovery per claimant | $ | | |
| 12. | Maximum recovery per claimant | $ | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 13. Minimum recovery per claimant | | | | | $ | | | |
| 14. Methods of notice to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | | | | | | | | |
| | | Mail | | | Email | | | Text |
| | | Advertisement | | | Website | | | Other |
| 15. Methods of payment to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | | | | | | | | |
| | | Direct Deposit | | | Gift Card | | | Paper Check |
| | | Wire | | | Payment App | | | Other |
| 16. Number of checks not cashed | | | | | # | | | |
| 17. Total value of checks not cashed | | | | | $ | | | |
| 18. Amount of settlement funds claimed by class member | | | | | $ | | N/A | |
| 19. Amount of settlement funds distributed to class members | | | | | $ | | | |
| 20. Amounts distributed to each cy pres recipient | | | | Name | | | Amount | |
| | | | 1. | | | | $ | |
| | | | 2. | | | | $ | |
| | | | 3. | | | | $ | |
| | | | 4. | | | | $ | |
| | | | 5. | | | | $ | |
| | | | 6. | | | | $ | |
| | | | 7. | | | | $ | |
| | | | 8. | | | | $ | |
| | | | 9. | | | | $ | |
| | | | 10. | | | | $ | |
| 21. Administrative costs | | | | | $ | | | |
| 22. Attorneys' fees | | | | | $ | | | |
| 23. Attorneys' costs excluding expert costs | | | | | $ | | | |
| 24. Expert costs | | | | | $ | | | |

| 25. Attorneys' fees in terms of percentage of the settlement fund | % |
|---|---|
| 26. Plaintiffs' counsel's final lodestar total | $ |
| 27. Lodestar multiplier [# x.y] | # x.y |
| 28.   Describe any potential fraud issues encountered, the likely causes, and how they were addressed | |
| | |
| 29. Number of class members availing themselves of nonmonetary relief | # |
| 30. Aggregate value redeemed | $ |

Continued on next page.

| |
|---|
| 31. Where injunctive and or other non-monetary relief has been obtained, discuss the benefit conferred on the class. |
|  |
| 32. Other notes and issues required to be addressed by judge's standing order. |
|  |

End of form.